# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TONY NGUYEN (15),<br><br>　　　　　　Defendant. | Case No. 21CR1111-H<br><br>ORDER DENYING DEFENDANT'S MOTION TO REVOKE THE MAGISTRATE JUDGE'S DETENTION ORDER AND REQUEST TO SET BAIL<br><br>(Doc. No. 167.) |

Pending before the Court is Defendant Tony Nguyen's ("Defendant") motion to revoke the Magistrate Judge's detention order and request to set bail. (Doc. No. 167.) Magistrate Judge Allison H. Goddard granted the Government's motion to detain the Defendant based on risk of flight only and declined to grant the Government's motion to detain based on danger to the community. (Doc. No. 74.) The Defendant now moves this Court to revoke the Magistrate Judge's detention order and set bail. The Government has filed a response in opposition to the Defendant's motion. (Doc. No. 172.) The Court has also received and reviewed the Pretrial Services Officer's Bail Report. This Court has jurisdiction to hear this matter under 18 U.S.C. § 3145(b) and is required to determine the Defendant's motion promptly. A district judge reviews *de*

-1-

*novo* a magistrate judge's decision to detain a defendant without deference to the magistrate judge's ultimate conclusion. United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990). However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Id at 1193.

The Bail Reform Act ("BRA,") 18 U.S.C. § 3142, requires the Court to consider certain factors in determining whether to detain or release a defendant: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

When considering the nature of the offenses charged, the Court also considers the penalties associated with the charges. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990). Additionally, "the weight of the evidence is the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985) (internal citations omitted). The Defendant is charged in an indictment with two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2. (Doc. No. 1.) The indictment alleges that the Defendant distributed 45 grams of actual methamphetamine as to Count 9 and 28.3 grams of actual methamphetamine as to Count 10. (Id.) If convicted, the Defendant faces a possible minimum mandatory imprisonment term of 5 years and a maximum

imprisonment term of 40 years on each count. 21 U.S.C. § 841(b)(1)(B)(viii).

The Government bears the burden of showing by a preponderance of the evidence that a defendant poses a flight risk. United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). While a finding that a defendant is a danger to any other person or the community must be supported by clear and convincing evidence. Id; 18 U.S.C. § 3142(f)(2)(B). Furthermore, the Court is prohibited from imposing a financial condition that would result in the de facto detention of a defendant. 18 U.S.C. § 3142(c)(2); See also United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019) (Affirming the district judge's detention order based on the district court's finding that the defendant would not be able to post bond in the amount that the district judge theorized would reasonably assure the defendant's appearance.).

In light of the grand jury indictment and the penalties the Defendant is facing, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" under 18 U.S.C. § 3142(e)(3)(A). See United States v. Castaneda, No. 18-CR-00047-BLF-1, 2018 WL 888744, at *4 (N.D. Cal. Feb. 14, 2018) (Freeman, J.) ("The Court need not make an independent determination of probable cause—a grand jury indictment itself is sufficient to establish probable cause for purposes of invoking the presumption [under § 3142(e)(3)(A)].") (citing United States v. Ward, 63 F. Supp. 2d 1203, 1209 (C.D. Cal. 1999)). Furthermore, "[t]he presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986)).

The following factors weigh in favor of setting bail: (1) the Defendant is a citizen of the United States; and (2) the Defendant has ties to the community and has family in the United States. The following factors weigh in favor of detention based on risk of

flight: (1) the Defendant has a history of using illicit drugs; (2) the Defendant has significant criminal history, though many of the convictions are dated, with the most recent conviction in 2013 for assault with a deadly weapon in which the Defendant received a five-year prison sentence; (3) the Defendant has a history of non-compliance while on supervision including numerous probation violations; (5) the Defendant is facing a substantial penalty if convicted due to the nature of the offense; (7) although the Defendant has ties to the United States, the Defendant reported to the pretrial services officer that he occasionally travels to Vietnam, his country of origin; (8) the Defendant's lack of stable employment; (9) there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community; and (10) the evidence that the Defendant committed the instant offense is strong but the Court gives this factor the least weight.

      The Defendant has numerous probation violations which is indicative that the no condition or combination of conditions will reasonably assure that the Defendant would appear for future court proceedings and comply with the terms and conditions of pretrial release. United States v. Santos-Flores, 794 F.3d 1088, 1092 (9th Cir. 2015) ("Consideration of a defendant's… other past conduct is proper under [the BRA,] 18 U.S.C. § 3142(g)(3)(A)."); See also United States v. Wero, No. CR09-8056-PCT-DGC, 2009 WL 1797853, at *3 (D. Ariz. June 24, 2009) (Campbell, J.) ("[T[he Court is concerned that a defendant who so routinely disregards court orders… will fail to appear in a matter where he might face a significant prison sentence."). The Court notes that the Defendant's ties to the community and family support were not enough to dissuade the Defendant from violating the terms and conditions of his probation. At this juncture, the Court has no reason to believe that the Defendant's community ties and family support would alleviate the Defendant's risk of flight.

      The Defendant asserts that he is "happy to stay in the United States as he cannot return to his country of origin[.]" However, this assertion by itself does not alleviate the

1  Court's concern that he will flee to Vietnam if released on bail given that the Defendant
2  has traveled to Vietnam, his country of origin, in the past. This factor when considered
3  with the other BRA factors weighs against granting bail. See United States v. Mukhtar,
4  No. 2:12-CR-00004-MMD, 2012 WL 4510687, at *5 (D. Nev. Sept. 28, 2012) (Mahan,
5  J.) (Noting that although the defendant has ties to the United States, the defendant "also
6  has at least equal, if not stronger, family ties to [a foreign country]. Such family ties to
7  [a foreign country] coupled with his lack of financial and employment ties in the United
8  States make factor three [of the BRA] weigh against his release.").

9       Finally, the Court concludes the Defendant has not proffered enough evidence to
10 rebut the presumption in favor of detention. Even if the Defendant was able proffer
11 enough evidence to rebut the presumption, the numerous factors in favor of detention
12 outweigh the few factors in favor of setting bail under the BRA. Therefore, the Court
13 concludes that the Government has met its burden of proving by a preponderance of the
14 evidence that the Defendant is a flight risk and that no condition or combination of
15 conditions will reasonably assure the Defendant's attendance for future court
16 proceedings. See Castaneda, 2018 WL 888744, at *9 (After "weighing of the
17 presumption that [Defendant] is a flight risk in connection with other evidence relevant
18 to the § 3142(g) factors… [t]he Court finds that the Government has satisfied its burden
19 to show by a preponderance of the evidence that no condition or combination of
20 conditions exist to reasonably assure [Defendant's] appearance at further proceedings
21 in this case.").

22      After *de novo* review of the current record before the Court and upon considering
23 the factors set forth under the BRA, the Court finds by a preponderance of the evidence
24 that the Defendant is a flight risk and finds that no condition or combination of
25 conditions will reasonably assure the appearance of the Defendant for future court
26 proceedings. Therefore, the Court orders the Defendant detained based solely on risk of
27 flight. Cf. United States v. Twine, 344 F.3d 987 (9th Cir. 2003) (Holding that the Bail
28 Reform Act does not authorize pretrial detention without bail based solely on a finding

of dangerousness.).  Accordingly, the Court DENIES the Defendant's motion to revoke the detention order and request to set bail and AFFIRMS the Magistrate Judge's detention order.

IT IS SO ORDERED.

DATED: November 22, 2021

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

cc: Honorable Allison H. Goddard
United States Magistrate Judge